IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-02004-CMA-KLM

U.S.A. DAWGS, INC., and
DOUBLE DIAMOND DISTRIBUTION, LTD.,

    Plaintiffs,

v.

RONALD SNYDER,
DANIEL HART,
THOMAS J. SMACH,
ANDREW REES,
GREGG REBICH,
ANDREW REDDYHOFF,
GEORGE BOEDECKER, JR.,
LYNDON HANSON,
DONALD LOCOCO,
RAYMOND CROGHAN,
RONALD FRASCH,
MICHAEL MARGOLIS,
JEFFREY LASHER,
MICHAEL E. MARKS,
PRAKASH MELWANI,
JOHN MCCARVEL,
ERIK REBICH,
SARA HOVERSTOCK, and
JOHN AND JANE DOE DEFENDANTS 1-30,

    Defendants.
_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendants' **Motion to Stay** [#51][1] (the "Motion

---

[1] "[#51]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

to Stay"). Plaintiffs filed a Response [#56] in opposition to the Motion [#51], and Defendants filed a Reply [#58]. Defendants ask the Court to stay discovery in this case until after the District Judge has ruled on their pending Motion to Dismiss [#31] or, alternatively, until a Motion to Consolidate this case with *Crocs, Inc. v. Effervescent, Inc.*, No. 06-cv-00605-PAB-KMT, has been adjudicated. After careful consideration of the briefs [#51, #56, #58] and the entire record, the Motion [#51] is **GRANTED**, as explained below.

Although the stay of proceedings in a case is generally disfavored, the Court has discretion to stay discovery while a dispositive motion is pending. *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) ("A stay of all discovery is generally disfavored in this District." (citation omitted)); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (finding that a thirty day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (A stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action."); 8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding that ordering a stay of discovery is not an abuse of discretion when a defendant has filed a motion to dismiss challenging the court's actual subject matter jurisdiction); *Chavous v. D.C. Fin.*

*Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)).

When exercising its discretion, the Court considers the following factors: (1) the interest of the plaintiffs in proceeding expeditiously with discovery and the potential prejudice to the plaintiffs of a delay; (2) the burden on the defendants of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).[2]

Regarding the first factor, Plaintiffs suggest their interest in proceeding expeditiously with discovery and the potential prejudice they might incur from a delay are as follows:

> Defendants and Crocs have been engaged in a persistent and malicious effort to illegally monopolize the market for molded clog-type footwear. Defendants and Crocs have put numerous companies out of business and have dramatically injured Plaintiffs' business. Dawgs' CEO proffered a declaration in the 2006 Action explaining in detail how his business is being severely damaged every day by Crocs and the Defendants' misconduct. Indeed, the most obvious point the Defendants overlook is that Crocs and Dawgs are direct competitors in the molded clog-type footwear market, but Crocs is vastly larger with far more resources than Dawgs. . . . Dawgs would be enjoying more robust growth if it were not for the misconduct Dawgs seeks to remedy by way of this lawsuit. Dawgs contends that every day of delay that damages and slows its business from growing or selling molded

---

[2] The Court notes that, while speculation and conclusory statements are insufficient to support a request for a stay, *see Breckenridge v. Vargo*, No. 16-cv-01176-WJM-MEH, 2016 WL 7015702, at *2 (D. Colo. Nov. 28, 2016), there is no rule in this District which *requires* the movant to provide concrete evidence such as an affidavit in support of the stay request, although such evidence may, at times, be helpful.

>clog-type footwear Crocs earns another $1.6 million in illegal monopoly profits. Of course, the Defendants want to continue that gravy train while they hope the delay will strangle Dawgs out of business and force it to quit this lawsuit.
>
>It goes without saying that the indefinite stay Defendants seek will negatively impact Dawgs [sic] ability to pursue evidence and witnesses. Note, Crocs began its series of lawsuits against competitors in 2006. Dawgs has a vested interest in proceeding expeditiously in gathering facts that reach into the early 2000s when Defendant Seamans claims to have invented the patents asserted by Crocs.

*Response* [#56] at 6-7 (internal citations omitted). Based on these representations by Plaintiffs' counsel, the Court finds that the first *String Cheese Incident* factor weighs against staying discovery.

With regard to the second factor, the Court finds that Defendants have demonstrated that proceeding with the discovery process presents an undue burden. Defendants are correct that proceeding will be wasteful if the District Judge grants their Motion to Dismiss [#31]. Further, the parties currently have a dispute in *Crocs. v. Effervescent, Inc.*, No. 06-cv-00605-PAB-KMT, regarding a pending Motion to Consolidate [#273] that case with this one. In addition, the parties are already having discovery disputes regarding what Defendants characterize as document requests "which are facially overbroad, which largely seek irrelevant information, and which would impose a substantial burden on individuals for whom [Plaintiffs have] never offered any factual allegations that would plausibly connect them to the conduct accused." *Defs.' Motion for Extension of Time to Respond to First Set of Requests for Production of Documents and Things* [#59] at 2. Based on these issues, the Court therefore finds that the second *String Cheese Incident* factor weighs in favor of staying discovery.

With regard to the third factor, it is certainly more convenient for the Court to stay

discovery until it is clear that the case will proceed. *See Chavous*, 201 F.R.D. at 5 (stating that staying discovery pending decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for [further proceedings]."). It is likely that the Court will have to expend its time and limited resources to resolve discovery disputes that the parties are already beginning to raise (although have not yet formally brought to the Court's attention for adjudication). If the Motion to Dismiss [#31] is resolved in favor of Defendants, the Court's expenditure would be for naught. Based on these issues, the Court therefore finds that the third *String Cheese Incident* factor weighs in favor of staying discovery.

With regard to the fourth factor, there are no nonparties with significant particularized interests in this case other than Crocs, Inc. *See Motion to Stay* [#51] at 13-14. Defendants state:

> Obviously, Crocs has an interest in protecting its current and former officers and directors against the claims raised by Dawgs. However, Crocs is not a party, and by design: Dawgs intentionally omitted Crocs from the parties named in this lawsuit, yet the complaint is replete with references to Crocs's alleged malfeasance. Given that Crocs is already actively litigating the same issues in the Crocs Action, there is a great potential for inconsistent judgments between the two cases. This stands to imperil Crocs's interest in defending itself fully and completely.

*Id.* (internal citation omitted). The Court agrees with Defendants to the extent that they assert that Crocs, Inc. has a significant interest in having the Motion to Dismiss [#31] in this action or the Motion to Consolidate [#273] in *Crocs. v. Effervescent, Inc.*, No. 06-cv-00605-PAB-KMT, resolved before discovery continues in this action. Accordingly, the fourth *String Cheese Incident* factor weighs in favor of staying discovery.

With regard to the fifth and final factor, the Court finds that the public's only interest

in this case is a general interest in its efficient and just resolution. Avoiding wasteful efforts by the Court clearly serves this interest. Thus, the fifth *String Cheese Incident* factor weighs in favor of staying discovery.

Weighing the relevant factors, the Court concludes that staying discovery pending resolution of Defendants' Motion to Dismiss [#31] is appropriate. Accordingly,

IT IS HEREBY **ORDERED** that the Motion to Stay [#51] is **GRANTED**. All discovery is stayed pending resolution of Defendants' Motion to Dismiss [#31].

DATED: January 18, 2017 at Denver, Colorado.

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge