IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 06-cv-00605-PAB-KMT

CROCS, INC.,

    Plaintiff,

v.

EFFERVESCENT, INC.,
HOLEY SOLES HOLDINGS, LTD.,
DOUBLE DIAMOND DISTRIBUTION, LTD., and
U.S.A. DAWGS, INC.,

    Defendants.

## ORDER

This matter is before the Court on Defendants and Counterclaim Plaintiffs (Dawgs) Motion to Consolidate this Action with a Related Action – Civil Action No. 16-cv-2004 – Under Fed. R. Civ. P. 42(a) and D.C.COLO.LCivR 42.1 [Docket No. 273].

**I. BACKGROUND**

Plaintiff Crocs, Inc. ("Crocs") filed this action on April 3, 2006, alleging, *inter alia*, infringement of United States Patent Nos. 6,993,858 (the "'858 patent") and D 517,789 (the "'789 patent"). Docket No. 1.

On May 12, 2006, Effervescent, Inc., Holey Soles Holdings, LTD., and former defendant Collective Licensing International, LLC, moved to stay this case pending proceedings under Section 337 of the Tariff Act of 1930 before the International Trade Commission. Docket No. 26. The Court granted the motion on May 16, 2006 and administratively closed the case. Docket No. 31. In 2012, during a brief reopening of

the case, Crocs added one of the Dawgs[1] entities as a named defendant and Dawgs asserted counterclaims, Docket No. 119, before the action was stayed pending a reexamination of the patents-in-suit. Docket No. 137. Earlier this year Dawgs filed motions to reopen the case and lift the stay, Docket Nos. 167, 168, and the Court reopened the case. Docket No. 184. On August 5, 2016, Dawgs filed a separate action against 18 current and former Crocs officers and directors in this District. *See U.S.A. Dawgs, Inc., et al. v. Snyder et al.*, Civil Action No. 16-cv-02004-CMA-KLM (the "related action"). Dawgs states that it filed the related action because "it would have been impossible for Dawgs to seek and receive leave from the Court to timely amend its pleadings in this lawsuit and name additional defendants" and that Dawgs "was concerned certain Doe Defendants would argue that [August 6, 2016] constituted the end of the statute of limitations for one or more counterclaims." Docket No. 273 at 3-4. On August 29, 2016, Dawgs moved to consolidate this case with the related action. Docket No. 273.

## II. CONSOLIDATION

### A. Standard of Review

Rule 42(a) of the Federal Rules of Civil Procedure provides that, "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a)(2). Pursuant to Local Rule 42.1, the judge assigned to the lowest numbered case decides whether consolidation is

---

[1] For simplicity, the Court adopts the convention of the parties in the underlying motions and refers to the counterclaim plaintiffs, Double Diamond Distribution, Ltd. and U.S.A. Dawgs, Inc., collectively as "Dawgs."

warranted. D.C.COLO.LCivR 42.1. The decision whether to consolidate actions involving common questions of law or fact is committed to the sound discretion of the district court. *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978). The purpose of Rule 42(a) is "to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Breaux v. American Family Mut. Ins. Co.,* 220 F.R.D. 366, 367 (D. Colo. 2004) (quoting 9 C. *Wright & A. Miller, Federal Practice & Procedure* § 2381 at 427 (2nd ed. 1995)). Therefore, the Court will consider both judicial economy and fairness to the parties in exercising its discretion under Rule 42(a). *See Harris v. Illinois-California Express, Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982).

### B. Analysis

The parties agree that both the present lawsuit and the related action are based upon the same issues of law and fact. Docket No. 282 at 3; Docket No. 273 at 11. However, Crocs states that consolidation would be inappropriate because it would not promote judicial efficiency. Docket No. 282 at 2-3. Crocs argues that the most efficient route is to dismiss the related action because of Dawgs' "improper claim-splitting pursuant to the motion to dismiss that has already been filed in that case." *Id.* at 3. Crocs goes on to describe how Dawgs' attempted consolidation is a collateral attack on the scheduling order in this case and violates the claim-splitting doctrine. *Id.* at 4-7. These arguments are identical to the arguments Crocs raised in its motion to dismiss in the related action. Civil Action No. 16-cv-02004-CMA-KLM, Docket No. 31 at 8-9. In

addition, Crocs argues that consolidation would be a "reward" for circumventing a court order. Docket No. 282 at 7.

Crocs' argument presupposes success on the motion to dismiss pending in the related action. If the motion to dismiss in that case is denied then consolidation of the two cases would be appropriate in light of the legal and factual issues presented and the procedural posture of the two cases. Moreover, Crocs states that "it may be that consolidation would be more efficient . . . since this Court already has some familiarity with the matter and certainly could decide the pending motion to dismiss" in the related action. *Id.* Crocs' concern that consolidation would "reward" the alleged misconduct of Dawgs begs the question. If the filing of the related action is proper, then consolidation would hardly be a reward; conversely, if the filing of the related action is improper, then the related case will likely be dismissed.

The Court finds that the shared factual and legal issues between this case and the related action justify consolidation.

### III. CONCLUSION

It is therefore

**ORDERED** that Defendants and Counterclaim Plaintiffs (Dawgs) Motion to Consolidate this Action with a Related Action – Civil Action No. 16-cv-2004 – Under Fed. R. Civ. P. 42(a) and D.C.COLO.LCivR 42.1 [Docket No. 273] is **GRANTED**. It is further

**ORDERED** that, pursuant to Fed. R. Civ. P. 42(a) and D.C.COLO.LCivR 42.1, Civil Action Nos. 06-cv-00605-PAB-KMT and 16-cv-02004-CMA-KLM shall be consolidated for all matters. It is further

**ORDERED** that the Clerk of the Court shall assign Magistrate Judge Kathleen M. Tafoya to Case No. 16-cv-02004-CMA-KLM. It is further

**ORDERED** that future filings shall be filed in this case only and shall be captioned as shown below:

---

Civil Action No. 06-cv-00605-PAB-KMT
    (Consolidated with Civil Action No. 16-cv-02004-PAB-KMT)

---

Civil Action No. 06-cv-00605-PAB-KMT

CROCS, INC.,

    Plaintiff,

v.

EFFERVESCENT, INC.,
HOLEY SOLES HOLDINGS, LTD.,
DOUBLE DIAMOND DISTRIBUTION, LTD., and
U.S.A. DAWGS, INC.,

    Defendants.

---

Civil Action No. 16-cv-02004-PAB-KMT

U.S.A. DAWGS, INC. and
DOUBLE DIAMOND DISTRIBUTION, LTD.,

    Plaintiffs,

v.

RONALD SNYDER,
DANIEL HART,
THOMAS J. SMACH,

ANDREW REES,
GREGG RIBATT,
ANDREW REDDYHOFF,
GEORGE B. BOEDECKER, JR.,
LYNDON HANSON,
DONALD LOCOCO,
RAYMOND CROGHAN,
RONALD FRASCH,
MICHAEL MARGOLIS,
JEFFREY LASHER,
MICHAEL E. MARKS,
PRAKASH MELWANI,
JOHN P. MCCARVEL,
ERIK REBICH,
SARA HOVERSTOCK, and
JOHN AND JANE DOE DEFENDANTS 1-30,

    Defendants.

DATED January 27, 2017.

                                        BY THE COURT:

                                        s/Philip A. Brimmer
                                        PHILIP A. BRIMMER
                                        United States District Judge