IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 06-cv-00605-PAB-KMT
    (Consolidated with Civil Action No. 16-cv-02004-PAB-KMT)

---

Civil Action No. 06-cv-00605-PAB-KMT

CROCS, INC.,

    Plaintiff,

v.

EFFERVESCENT, INC.,
HOLEY SOLES HOLDINGS, LTD.,
DOUBLE DIAMOND DISTRIBUTION, LTD., and
U.S.A. DAWGS, INC.,

    Defendants.

---

Civil Action No. 16-cv-02004-PAB-KMT

U.S.A. DAWGS, INC. and
DOUBLE DIAMOND DISTRIBUTION, LTD.,

    Plaintiffs,

v.

RONALD SNYDER,
DANIEL HART,
THOMAS J. SMACH,
ANDREW REES,
GREGG RIBATT,
ANDREW REDDYHOFF,
GEORGE B. BOEDECKER, JR.,
LYNDON HANSON,
DONALD LOCOCO,
RAYMOND CROGHAN,
RONALD FRASCH,
MICHAEL MARGOLIS,
JEFFREY LASHER,
MICHAEL E. MARKS,
PRAKASH MELWANI,

JOHN P. MCCARVEL,
ERIK REBICH,
SARA HOVERSTOCK, and
JOHN AND JANE DOE DEFENDANTS 1-30,

    Defendants.

## ORDER

This matter is before the Court on U.S.A. Dawgs Inc.'s Notice of Pending Bankruptcy and of Automatic Stay [Docket No. 807] and the parties' responses [Docket Nos. 815, 817] to the Court's February 14, 2018 minute order [Docket No. 813], which directed the parties to discuss whether this matter should be administratively closed until the automatic stay is lifted.

Plaintiff Crocs and the individual defendants in the *Snyder* action, Civil Action No. 16-cv-02004, request that the Court not administratively close this matter pursuant to the automatic stay. They assert that Crocs's claims against U.S.A. Dawgs must be resolved in order for the bankruptcy proceeding to reach a conclusion. Docket No. 815 at 3-4. Additionally, Crocs and the individual defendants argue that the following matters are not subject to the automatic stay: (1) Crocs's claims against Double Diamond Distribution, Ltd.; (2) the Lanham Act counterclaim against Crocs by Double Diamond and U.S.A. Dawgs; (3) the Lanham Act claim against the individual defendants in Civil Action No. 16-cv-02004; and (4) "issues of compliance with Court Orders and discovery misconduct." *Id.* at 2-3.

U.S.A. Dawgs and Double Diamond acknowledge that certain matters may not be subject to the automatic stay, but they request that the entire matter be stayed for a

limited period of time in order to allow this case to proceed in a more efficient manner once the bankruptcy proceeding has been resolved.  Docket No. 817 at 2.

Upon consideration of the parties' responses, the Court finds that administrative closure of the entire matter is appropriate.  The parties agree that Crocs's claims against U.S.A. Dawgs are subject to the automatic stay under 11 U.S.C. § 362(a).  *See* Docket No. 815 at 2; Docket No. 817 at 2; *see also TW Telecom Holdings Inc. v. Carolina Internet Ltd.*, 661 F.3d 495, 496 (10th Cir. 2011) (noting that "§ 362 of the Bankruptcy Code automatically stays the commencement or continuation of a judicial proceeding against the debtor that was or could have been initiated before the filing of a bankruptcy petition").  Additionally, claims against nonbankrupt codefendants may be stayed in "unusual situations," such as when "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor."  *Okla. Federated Gold & Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 141-42 (10th Cir. 1994).  The Court finds that this is likely the situation here.  The same claims are asserted against both U.S.A. Dawgs and Double Diamond, *see generally* Docket No. 473, and defendants have been operating largely as a single entity in their defense of the lawsuit.  *See, e.g.*, Docket No. 817 (joint response to minute order).

Even if Crocs's claims against Double Diamond and U.S.A. Dawgs's Lanham Act claims against Crocs and the individual defendants are not subject to § 362(a)'s automatic stay, the interests of judicial economy weigh in favor of administrative

closure. *See Hawg Tools, LLC v. Newsco Int'l Energy Servs., Inc.*, No. 14-cv-03011-REB-MJW, 2015 WL 1087051, at *2 (D. Colo. Mar. 9, 2015) (finding that administrative closure pending resolution of state court appeal would serve the interests of judicial economy and avoid unnecessary expenditures on litigation); *see also Quinn v. CGR*, 828 F.2d 1463, 1465 n.2 (10th Cir. 1987) (noting that administrative closure is the practical equivalent of a stay). There is significant entwinement among the parties and the claims asserted in this case. Accordingly, to allow this matter to proceed in a piecemeal fashion pending resolution of the bankruptcy proceeding or an order lifting the automatic stay would impose unnecessary burdens on both the parties and the Court.

Therefore, pursuant to the Court's authority under D.C.COLO.LCivR 41.2, it is

**ORDERED** that Civil Action Nos. 06-cv-00605 and 16-cv-02004 shall be administratively closed, subject to being reopened upon a showing of good cause by any party. It is further

**ORDERED** that the parties shall file a status report within 30 days of any action that serves to lift the automatic stay in force as a result of the bankruptcy proceeding in the District of Nevada [Case No. 18-10453]. The status report shall indicate what the action was, the purported impact, and how the party or parties intend to proceed in this case. It is further

**ORDERED** that all pending motions in this case are DENIED without prejudice. If and when the case is reopened, the parties may request leave to re-file their motions. It is further

**ORDERED** that all settings and deadlines in this case are VACATED.

DATED March 19, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge